1  Armen G. Mitilian (SBN 203191)
2  Todd M. Lander (SBN 173031)
   FREEMAN, FREEMAN & SMILEY, LLP
3  1888 Century Park East, Suite 1900
   Los Angeles, California 90067
4  Telephone: (310) 255-6100
   Facsimile: (310) 255-6200
5  E-mail: armen.mitilian@ffslaw.com
   E-mail: todd.lander@ffslaw.com

6  Attorneys for Plaintiff FORGIATO, INC.



FILED
CLERK, U.S. DISTRICT COURT

JUL 1 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11  FORGIATO, INC.,                        CV13- 5012 MRP(PLAr)

12            Plaintiff,                    COMPLAINT FOR:

13      vs.                                 1.   TRADEMARK
                                                 INFRINGEMENT;
14  ELITE WHEEL WAREHOUSE               2.   TRADEMARK
    MIAMI, INC., a Florida corporation;       COUNTERFEITING;
15  DYNASTY CUSTOMS, a Florida          3.   UNFAIR COMPETITION
    entity of unknown form; WTW CAR          AND FALSE DESIGNATION
16  ACCESSORIES MIAMI, a Florida            OF ORIGIN
    entity of unknown form; WTW CAR      4.   FEDERAL TRADEMARK
17  ACCESSORIES #2 FORT                     DILUTION;
    LAUDERDALE, a Florida entity of     5.   COMMON LAW
18  unknown form; AMANI FORGED,              TRADEMARK
    INC., a Florida corporation; ELITE        INFRINGEMENT;
19  WHEEL DISTRIBUTORS, INC., a       6.   CALIFORNIA TRADEMARK
    Florida corporation; MILANI             DILUTION;
20  VENTURES, LLC, a Florida limited    7.   UNFAIR BUSINESS
    liability company; HAMED "ED"           PRACTICES UNDER
21  MILANI, an individual; KAMRAN           CALIFORNIA BUSINESS
    MILANI, an individual; HOOMAN          AND PROFESSIONS CODE
22  MILANI, an individual; PJ MILANI, an    SECTION 17200, *ET SEQ.*
    individual; DANIEL TALLON, an
23  individual; RENNEN
    INTERNATIONAL, a California entity
24  of unknown form; JOSE GUTIERREZ
    an individual; BRIAN'S AUTO
25  ACCESSORIES, INC., a California
    corporation; L & B FORGED, a
26  California entity of unknown form;
    BRIAN DOUGLAS DE LA VARA, an
27  individual; CARMEN MARIA DE LA
    VARA, an individual; CARRERA DE
28  LA VARA, an individual; KENNETH

1984578.2                        1
                    CROSS-COMPLAINT OF FORGIATO, INC.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  DE LA VARA, an individual; RICK
   VANCOMO, an individual, and DOES
2  1 through 10, inclusive,

3                Defendants.

4

5      Plaintiff Forgiato, Inc., a California corporation ("Forgiato") hereby complains

6  and alleges the following:

7                    **PREFATORY ALLEGATIONS**

8      1.      Forgiato is, and at all times mentioned herein was, a corporation

9  organized and existing under the laws of the State of California, duly qualified and

10 licensed to do business in the State of California, with its principal place of business

11 and corporate headquarters in Sun Valley, California, within the Central District of

12 California.

13     2.      Forgiato is informed and believes, and based thereon alleges, that

14 Defendant Elite Wheel Warehouse Tampa ("Elite Wheel Warehouse") is a

15 corporation duly organized and existing under the laws of the State of Florida with

16 its principal place of business in the State of Florida, and doing business both within

17 and outside the Central District of California.

18     3.      Forgiato is informed and believes, and based thereon alleges, that

19 Defendant Dynasty Customs ("Dynasty Customs") is an entity of unknown form

20 duly organized and existing under the laws of the State of Florida with its principal

21 place of business in the State of Florida, and doing business both within and outside

22 the Central District of California.

23     4.      Forgiato is informed and believes, and based thereon alleges, that

24 Defendant WTW Car Accessories Miami ("WTW Miami") is an entity of unknown

25 form duly organized and existing under the laws of the State of Florida with its

26 principal place of business in the State of Florida, and doing business both within

27 and outside the Central District of California.

28     5.      Forgiato is informed and believes, and based thereon alleges, that

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  Defendant WTW Car Accessories #2 Fort Lauderdale ("WTW Ft. Lauderdale") is
2  an entity of unknown form duly organized and existing under the laws of the State
3  of Florida with its principal place of business in the State of Florida, and doing
4  business both within and outside the Central District of California.

5        6.     Forgiato is informed and believes, and based thereon alleges, that
6  Defendant Amani Forged Inc. ("Amani Forged") is a corporation duly organized
7  and existing under the laws of the State of Florida with its principal place of
8  business in the State of Florida, and doing business both within and outside the
9  Central District of California.

10        7.     Forgiato is informed and believes, and based thereon alleges, that
11  Defendant Elite Wheel Distributors Inc. ("Elite Wheel Distributors") is a
12  corporation duly organized and existing under the laws of the State of Florida with
13  its principal place of business in the State of Florida, and doing business both within
14  and outside the Central District of California.

15        8.     Forgiato is informed and believes, and based thereon alleges, that
16  Defendant Milani Ventures LLC ("Milani Ventures") is a limited liability company
17  duly organized and existing under the laws of the State of Florida with its principal
18  place of business in the State of Florida, and doing business both within and outside
19  the Central District of California.

20        9.     Forgiato is informed and believes, and based thereon alleges, that
21  Defendant Hamed "Ed" Milani is an individual residing in the state of Florida who
22  conducts business both within and outside the Central District of California.

23       10.     Forgiato is informed and believes, and based thereon alleges, that
24  Defendant Kamran Milani is an individual residing in the state of Florida who
25  conducts business both within and outside the Central District of California.

26       11.     Forgiato is informed and believes, and based thereon alleges, that
27  Defendant Hooman Milani is an individual residing in the state of Florida who
28  conducts business both within and outside the Central District of California.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

12. Forgiato is informed and believes, and based thereon alleges, that Defendant PJ Milani is an individual residing in the state of Florida who conducts business both within and outside the Central District of California.

13. Forgiato is informed and believes, and based thereon alleges, that Defendant Daniel Tallon is an individual residing in the state of Florida who conducts business both within and outside the Central District of California.

14. Elite Wheel Warehouse, Dynasty Customs, WTW Miami, WTW Ft. Lauderdale, Amani Forged, Elite Wheel Distributors, Milani Ventures, Hamed "Ed" Milani, Kamran Milani, Hooman Milani. PJ Milani and Daniel Tallon are sometimes collectively referred to hereinafter as the "Milani Defendants". Forgiato is further informed and believes, and based thereon alleges, that Hamed "Ed" Milani, Kamran Milani, Hooman Milani, PJ Milani and Daniel Tallon (collectively, the "Milani Individuals") are, and at all times herein mentioned were, owners of all or a controlling portion of Elite Wheel Warehouse, Dynasty Customs, WTW Miami, WTW Ft. Lauderdale, Amani Forged, Elite Wheel Distributors, and Milani Ventures (collectively, the "Milani Entities"), and that there existed between the Milani Individuals and the Milani Entities, a unity of interest and ownership, such that any individuality and separateness between the Milani Individuals and the Milani Entities, never existed or has ceased, and that the Milani Entities are the alter ego of the Milani Individuals in that:

(i) The Milani Entities were conceived, intended and/or used by the Milani Individuals, and each of them, as a device for the purpose of substituting a financially insolvent entity in the place of the Milani Individuals to avoid individual liability;

(ii) The Milani Individuals, and each of them, used the assets of the Milani Entities for their own purposes as though they were their own, and caused assets of the Milani Entities to be transferred to them, or to entities they controlled, or to their family members, without adequate

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1    consideration and/or to avoid creditors;

2    (iii)   The Milani Individuals, and each of them, dominated and controlled the

3            finances of the Milani Entities, treated the corporate and business

4            accounts as their personal bank accounts, and commingled corporate,

5            business and personal funds for their personal use and to avoid

6            creditors of the Milani Entities.

7    (iv)    The Milani Individuals, and each of them, completely disregarded the

8            corporate formalities and separateness of the Milani Entities, in that the

9            operations of the Milani Entities were carried out without the holding

10           of shareholders' or directors' meetings, records or minutes of corporate

11           or business proceedings were not maintained, and transactions between

12           and among the Milani Individuals and the Milani Entities were neither

13           approved by directors, members, or shareholders, nor properly

14           documented.

15   (v)     Adherence to the fiction of the separate existence of the Milani Entities

16           as entities distinct from the Milani Individuals, and each of them,

17           would permit an abuse of the corporate privilege and would sanction

18           fraud.

19       15.    Forgiato is informed and believes, and based thereon alleges, that

20   Defendant Rennen International ("Rennen") is an entity of unknown form duly

21   organized and existing under the laws of the State of California with its principal

22   place of business in the State of California, and doing business within the Central

23   District of California.

24       16.    Forgiato is informed and believes, and based thereon alleges, that

25   Defendant Jose Gutierrez is an individual residing in the state of California.

26       17.    Forgiato is informed and believes, and based thereon alleges, that

27   Defendant Brian's Auto Accessories, Inc. ("Brian's Auto") is a corporation duly

28   organized and existing under the laws of the State of California with its principal

1 place of business in the State of California, and doing business within the Central

2 District of California.

3     18.    Forgiato is informed and believes, and based thereon alleges, that

4 Defendant L&B Forged ("L&B") is an entity of unknown form duly organized and

5 existing under the laws of the State of California with its principal place of business

6 in the State of California, and doing business within the Central District of

7 California.

8     19.    Forgiato is informed and believes, and based thereon alleges, that

9 Defendant Brian Douglas De La Vara is an individual residing in the state of

10 California.

11     20.    Forgiato is informed and believes, and based thereon alleges, that

12 Defendant Carmen De La Vara is an individual residing in the state of California.

13     21.    Forgiato is informed and believes, and based thereon alleges, that

14 Defendant Carrera De La Vara is an individual residing in the state of California.

15     22.    Forgiato is informed and believes, and based thereon alleges, that

16 Defendant Kenneth De La Vara is an individual residing in the state of California.

17     23.    Forgiato is informed and believes, and based thereon alleges, that

18 Defendant Rick Vancomo is an individual residing in the state of California.

19     24.    Brian's Auto, L&B, Brian Douglas De La Vara, Carmen De La Vara,

20 Carrera De La Vara, Kenneth De La Vara and Rick Vancomo are sometimes

21 collectively referred to hereinafter as the "De La Vara Defendants". Forgiato is

22 further informed and believes, and based thereon alleges, that Brian Douglas De La

23 Vara, Carmen De La Vara, Carrera De La Vara, Kenneth De La Vara and Rick

24 Vancomo (collectively, the "De La Vara Individuals") are, and at all times herein

25 mentioned were, owners of all or a controlling portion of Brian's Auto and L&B,

26 (collectively, the "De La Vara Entities"), and that there existed between the De La

27 Vara Individuals and the De La Vara Entities, a unity of interest and ownership,

28 such that any individuality and separateness between the De La Vara Individuals

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

6

and the De La Vara Entities, never existed or has ceased, and that the De La Vara
Entities are the alter ego of the De La Vara Individuals in that:

 (i) The De La Vara Entities were conceived, intended and/or used by the De La Vara Individuals, and each of them, as a device for the purpose of substituting a financially insolvent entity in the place of the De La Vara Individuals to avoid individual liability;

 (ii) The De La Vara Individuals, and each of them, used the assets of the De La Vara Entities for their own purposes as though they were their own, and caused assets of the De La Vara Entities to be transferred to them, or to entities they controlled, or to their family members, without adequate consideration and/or to avoid creditors;

 (iii) The De La Vara Individuals, and each of them, dominated and controlled the finances of the De La Vara Entities, treated the corporate and business accounts as their personal bank accounts, and commingled corporate, business and personal funds for their personal use and to avoid creditors of the De La Vara Entities.

 (iv) The De La Vara Individuals, and each of them, completely disregarded the corporate formalities and separateness of the De La Vara Entities, in that the operations of the De La Vara Entities were carried out without the holding of shareholders' or directors' meetings, records or minutes of corporate or business proceedings were not maintained, and transactions between and among the De La Vara Individuals and the De La Vara Entities were neither approved by directors, members, or shareholders, nor properly documented.

 (v) Adherence to the fiction of the separate existence of the De La Vara Entities as entities distinct from the De La Vara Individuals, and each of them, would permit an abuse of the corporate privilege and would sanction fraud.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

25.     Forgiato is informed and believes that DOES 1 through 10, inclusive, whose identities are presently unknown to Forgiato, are individuals and/or entities that have sold, manufactured, given, or distributed or participated in the selling, manufacturing, giving, or distributing unauthorized or counterfeit goods under the Forgiato trademarks and name, and are therefore liable for the infringing and other wrongful acts alleged in this Complaint.  Forgiato further alleges, on information and belief, that these defendants, who are named fictitiously at the present time, have given assistance to the other defendants in their unlawful acts in violation of Forgiato's rights.  Forgiato will amend this Complaint, if appropriate, to include the name or names of these individuals when such information becomes available.

26.     The Milani Defendants, Rennen, Jose Gutierrez, the De La Vara Defendants and DOES 1-10 are sometimes collectively referred to hereinafter as "Defendants".

27.     Forgiato is informed and believes, and based thereon alleges, that at all material times hereto each Defendant was the agent, partner, and/or joint venturer of the remaining Defendants, and each of them, are, and at all times mentioned herein were, acting within the course and scope of that agency, partnership, and/or joint venture. Forgiato is further informed and believes and, based thereon alleges, that the acts and conduct herein alleged of each such Defendant was known to, authorized by, and/or ratified by the other Defendants, and each of them.

28.     Forgiato is informed and believes, and based thereon alleges, that Defendants conspired and agreed among themselves to do the acts complained of herein and were, in doing the acts complained of herein, acting pursuant to said conspiracy, and that each Defendant sued herein is jointly and severally responsible and liable to Forgiato for the damages alleges herein.

29.     This Court has subject matter jurisdiction over Forgiato's claims for relief under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a)(b), as the claims arise under the Federal Lanham Act, 15 U.S.C. §§ 1051-1127.  This Court

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  also has pendent and supplemental jurisdiction over all related claims herein in

2  accordance with 28 U.S.C. §1338(b) and 28 U.S.C. §1367 in that claims for

3  Common Law Trademark Infringement, California Trademark Dilution and Unfair

4  Business Practices are joined with substantial and related claims under the Lanham

5  Act.

6    30.    This Court has personal jurisdiction over Defendants because each of

7  the Defendants conducts business in the Central District of California and each

8  Defendant has committed the acts complained of herein in the Central District of

9  California.

10    31.    Venue is proper under 28 U.S.C. § 1391(a), (b) and (c).

## GENERAL ALLEGATIONS

### The Forgiato Name, And Its Sterling Reputation In The Industry

13    32.    Forgiato is a leading designer and manufacturer of unique high-end

14  forged automobile wheels, which are manufactured in Los Angeles County and sold

15  throughout the world.  Forgiato considers and treats its design and manufacturing

16  process as proprietary, confidential and a trade secret.  Forgiato has undertaken

17  measures to maintain and protect its products and has made substantial investments

18  in designing, manufacturing, and promoting Forgiato products.  For the past 7 years

19  Forgiato has created significant and substantial goodwill based on the quality of the

20  products it manufactures and the products bearing its name.

21    33.    Forgiato owns federally registered trademarks under the name

22  "Forgiato" (U.S. Registration No. 85546593),  ☛  (U.S. Registration No.

23  85516642), and "Forgi"(U.S. Registration No. 85503524) (collectively, the

24  "Registered Trademarks"), each of which is used on Forgiato products to designate

25  the source of origin of Forgiato goods and each of which resonates with the

26  consumer public as indicating that the product bearing these marks is an authentic

27  Forgiato product.  Forgiato has developed an outstanding reputation because of the

28  uniform high quality of Forgiato products, and the Registered Trademarks are

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  distinctive marks used to identify the Forgiato high quality products.

2      34.    That reputation, and the Registered Trademarks, have given rise to

3  substantial goodwill attendant to the Forgiato name.  Forgiato products, including its

4  wheels, are purchased by celebrities, athletes, and consumers who demand

5  extremely high quality products, which Forgiato achieves with a strictly controlled

6  manufacturing process.  Indeed, Forgiato has devoted considerable time and money

7  to building the "Forgiato" brand name, including: (1) an extensive website –

8  www.forgiato.com – that actively advertises the "Forgiato" brand; (2) extensive in

9  trade publications, focusing on the development of the "Forgiato" brand as a high-

10  quality, stylish and luxurious source of wheels; (3) participating in trade shows

11  under the "Forgiato" name, such as the annual "SEMA" show, where the "Forgiato"

12  name is prominently displayed; (4) creating and presenting an annual "Forgiatofest"

13  festival in Miami, Florida, and Aichi, Japan, specifically for the purpose of building

14  the "Forgiato" brand name; and (5) selling "Forgiato" apparel and trinkets on the

15  "Forgiato" website, again for brand development reasons.

16      35.    Forgiato also devotes significant additional time to ensuring the highest

17  quality of goods sold under the "Forgiato" name and in cultivating a reputation as a

18  producer of high-quality products.  This entails, among other things, several factors:

19  (1) insisting on the highest standards for the wheels produced and sold under the

20  "Forgiato" name; (2) restricting the sale of "Forgiato" wheels to a series of

21  authorized dealers that meet and strict criteria for customer service and quality; (3)

22  ongoing efforts to police its authorized dealer program, and to educate the

23  consuming public as to the location of authorized dealers and to impress on

24  consumers that "Forgiato" wheels should only be purchased at such a dealership; (4)

25  cooperating with industry actors in further educating the public as to the means of

26  identifying "fake" or "knock off" Forgiato wheels; and (5) a generous warranty

27  program that demonstrates Forgiato will stand behind its products, a critical factor in

28  maintaining a reputation for quality and brand integrity.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

36.   As noted, Forgiato primarily distributes its products through authorized distributors, which consist of independently owned aftermarket automobile specialty shops throughout the United States and the world.

**The Milani Defendants Attempt To Trade On Forgiato's Goodwill By Marketing and Selling Counterfeit Wheels Under The Forgiato Name**

37.   The success of Forgiato wheels, and the significance of the name in the industry, has predictably led to commercial imitators and "knock off" artists attempting to play off Forgiato's goodwill.  But none of those efforts has been as brazen and transparent as that of the Milani Defendants.

38.   The Milani Defendants began as authorized Forgiato dealers.  In 2008, they purchased approximately $36,000 of Forgiato wheels for retail sales to customers.  In 2009, Milani Defendants purchased more than $335,000 worth of Forgiato wheels and wheel products directly from Forgiato.  In 2010, Milani Defendants purchased nearly $800,000 of Forgiato wheels from Forgiato.  From 2011 through 2012, Milani Defendants purchased more than $5 million dollars of Forgiato wheels from Forgiato.

39.   Between 2011 and 2012 Forgiato experienced reduced sales in states around Florida.  During this time many of Forgiato's dealers and retailers in other states voiced concerns that Forgiato wheels were being sold at very low prices that undercut the wholesale pricing that Forgiato provided to such dealers and retailers.

40.   In light of these concerns, Forgiato conducted an investigation and discovered that its dealers and retailers in other states, including California, were concerned about unfair pricing and claims of Forgiato wheels being sold at very reduced or below-market prices.

41.   In late 2012, Forgiato stopped doing all business with the Milani Defendants, and the Milani Defendants have not purchased any Forgiato wheels or wheel products from Forgiato in 2013.

42.   The Milani Defendants, the De La Vara Defendants, Rennen and Jose

1    Gutierrez are not licensees or authorized dealers or distributors of goods bearing the

2    Registered Trademarks.  The Milani Defendants, the De La Vara Defendants,

3    Rennen and Jose Gutierrez are not authorized to purchase, acquire, sell, re-sell,

4    advertise or distribute products bearing the Registered Trademarks.

5        43.    Forgiato discovered in July 2013, that the Milani Defendants placed

6    orders with the De La Vara Defendants, Rennen and Jose Gutierrez to manufacture

7    counterfeit Forgiato wheels and wheel products, that the Milani Defendants

8    purchased counterfeit Forgiato wheels and wheel products from the De La Vara

9    Defendants, Rennen and Jose Gutierrez, and that the Milani Defendants sold and

10   continue to sell to unsuspecting customers counterfeit Forgiato wheels and wheel

11   products as authentic Forgiato wheels and wheel products.  Forgiato also discovered

12   that the Milani Individuals have made trips to Los Angeles to visit and view the

13   manufacturing facility operated by the De La Vara Defendants, Rennen and Jose

14   Gutierrez, to place orders for counterfeit Forgiato wheels and wheel products, and to

15   purchase counterfeit Forgiato wheels and wheel products, including most recently

16   during the week of July 8, 2013.  In connection with its investigation, Forgiato also

17   discovered that the Milani Defendants have been selling counterfeit Forgiato wheels

18   and wheel products purchased from the De La Vara Defendants, Rennen and Jose

19   Gutierrez since at least February 2013, and most recently in June 2013.  True and

20   correct copies of photographs of counterfeit Forgiato wheels and wheel products

21   manufactured and sold by the De La Vara Defendants, Rennen and Jose Gutierrez,

22   and purchased by the Milani Defendants are collectively attached hereto as Exhibit

23   "1" and are incorporated herein by this reference.

24       44.    In short, Defendants have consciously manufactured and sold wheels

25   and wheel products under the Forgiato name without Forgiato's knowledge or

26   consent.  These goods are being presented to the consuming public as authentic

27   Forgiato wheels, when they are in fact "knock off" products that lack Forgiato's

28   manufacturing and workmanship standards.  Beyond that, Defendants are engaged

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

in such conduct knowing that their activities will damage the Forgiato brand while unjustly enriching them.  This is, in other words, a textbook case of trademark infringement and trademark counterfeiting.

## FIRST CLAIM FOR RELIEF

### (For Trademark Infringement Against all Defendants)

### (15 U.S.C. § 1114)

45.     Forgiato repeats and realleges each and every allegation contained in Paragraphs 1 through 44 hereinabove, as though fully set forth herein.

46.     The Forgiato Registered Trademarks and the goodwill of the business associated with them in the United States are of great and incalculable value, are highly distinctive and have become associated in the public mind with products of the highest quality and reputation, and association with Forgiato as the source of origin.

47.     Forgiato is informed and believes, and on that basis alleges, that Defendants have, without Forgiato's authorization or consent, and having knowledge of Forgiato's well-known and prior rights in the Registered Trademarks, marketed, advertised for sale and sold wheels and wheel products to the consuming public bearing the Forgiato Registered Trademarks. Defendants are not authorized to manufacture, purchase, acquire, sell, re-sell, advertise or distribute products bearing the Forgiato Registered Marks.  The wheels and wheel products manufactured and sold under the Forgiato name by Defendants are not authentic Forgiato goods, and are in fact counterfeit goods.

48.     Defendants' use in commerce of the Forgiato Registered Trademarks is intended to avail Defendants of the customer goodwill associated with the Forgiato Registered Trademarks, and is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendants' counterfeit and unauthorized goods.  Specifically, the consuming public is likely to be deceived, has been deceived, and is being deceived, into believing that

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

Defendants' counterfeit and unauthorized goods originate from, are associated with or are otherwise authorized by Forgiato, all to the detriment and damage to Forgiato's reputation, goodwill and sales.

49.     Defendants' reproduction, counterfeiting, copying or colorable imitation of the Forgiato Registered Trademarks as applied to the Forgiato label, name and wheel designs and types, is intended to be used in commerce or in connection with the sale, re-sale, offering for sale, distribution and/or advertising of goods that are likely to cause, and have caused, confusion, mistake or deception among the general purchasing public as to the origin of Defendants' counterfeit and unauthorized goods.  Specifically, the consuming public is likely to be deceived, and has been deceived, into believing that these counterfeit and unauthorized goods originate from, and/or are associated with or are otherwise authorized by Forgiato, all to the detriment and damage to Forgiato's reputation, goodwill and sales.

50.     Defendants' acts constitute willful trademark infringement in contravention of section 32 of the Lanham Act, 15 U.S.C. section 1114.

51.     Forgiato has no adequate remedy at law and, if Defendants' activities are not enjoined, Forgiato will continue to suffer irreparable harm and injury to its goodwill and reputation.  Forgiato is therefore entitled to injunctive relief under 15 U.S.C. section 1116.

52.     In accordance with 15 U.S.C. section 1117, Forgiato is entitled to recover damages in an amount to be determined at trial, profits made by Defendants on sales of the counterfeit and unauthorized products, and the costs of this action. Additionally, Defendants' actions were undertaken willfully and with the intention of causing confusion, mistake or deception, thus entitling Forgiato to recover treble damages and reasonable attorneys' fees.

///

///

///

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## SECOND CLAIM FOR RELIEF

### (For Trademark Counterfeiting Against All Defendants)

### (15 U.S.C. § 1114)

53.     Forgiato repeats and realleges each and every allegation contained in Paragraphs 1 through 52 hereinabove, as though fully set forth herein.

54.     Defendants have used, and are using, Forgiato's Registered Trademarks in interstate commerce in connection with Defendants' manufacturing and sale of wheels and wheel products in a manner designed and intended to imitate, counterfeit, copy and reproduce the Registered Trademarks on goods that Forgiato has not authorized to be sold under its name and logo and that are not authentic Forgiato goods.

55.     Defendants' acts, as alleged above, were undertaken with the purpose of exploiting and trading on the substantial goodwill and reputation Forgiato developed and maintains with the consuming public, which is reflected in the Registered Trademarks. This intentional exploitation of and trading on Forgiato's goodwill has caused, and is causing, Forgiato to suffer immediate and irreparable harm. Specifically, the consuming public is likely to be deceived, and has been deceived, into believing that these counterfeit goods originate from, and/or are associated with or are otherwise authorized by Forgiato, all to the detriment and damage to Forgiato's reputation, goodwill and sales.

56.     Defendants' acts constitute trademark counterfeiting in contravention of section 32 of the Lanham Act, 15 U.S.C. section 1114.

57.     Forgiato has no adequate remedy at law and, if Defendants' activities are not enjoined, Forgiato will continue to suffer irreparable harm and injury to its goodwill and reputation. Forgiato is therefore entitled to injunctive relief under 15 U.S.C. section 1116.

58.     In accordance with 15 U.S.C. section 1117, Forgiato is entitled to recover damages in an amount to be determined at trial, profits made by Defendants

1   on sales of the counterfeit products, and the costs of this action.  Additionally,

2   Defendants' actions were undertaken willfully and with the intention of causing

3   confusion, mistake or deception, thus entitling Forgiato to recover treble damages

4   and reasonable attorneys' fees.

5   ### THIRD CLAIM FOR RELIEF

6   **(For Unfair Competition And False Designation of Origin Against All**

7   **Defendants)**

8   **(15 U.S.C. § 1125(a))**

9       59.   Forgiato repeats and realleges each and every allegation contained in

10   Paragraphs 1 through 58 hereinabove, as though fully set forth herein.

11       60.   The counterfeit and unauthorized wheels and wheel products

12   Defendants are manufacturing, advertising and selling under the Forgiato Registered

13   Trademarks are of the same general nature and type as Forgiato products and which

14   Forgiato offers for sale, and are in fact imitations of Forgiato wheels and related

15   products.  Forgiato is informed and believes, and on that basis alleges, that

16   Defendants' unauthorized use of the Forgiato Registered Trademarks is likely to

17   cause, has caused, and is causing, confusion within the consuming public.

18   Specifically, the consuming public is likely to be deceived, and has been deceived,

19   into believing that these counterfeit and unauthorized goods originate from, and/or

20   are associated with or are otherwise authorized by Forgiato, all to the detriment and

21   damage to Forgiato's reputation, goodwill and sales.

22       61.   Defendants' unlawful, unauthorized, and unlicensed manufacturing,

23   acquisition, purchasing, distribution, offering for sale and/or re-sale of counterfeit

24   and unauthorized goods bearing the Forgiato Registered Trademarks creates express

25   and implied misrepresentations that the counterfeit and unauthorized products were

26   created, authorized or approved by Forgiato, all to Defendants' profit and Forgiato's

27   financial and reputational detriment.

28       62.   Defendants' acts, as alleged above, constitute unfair competition and

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1 false designation of origin, a violation of section 43(a) of the Lanham Act, 15

2 U.S.C. § 1125(a), in that Defendants' use of the Forgiato Registered Marks, in

3 connection with Defendants' counterfeit and unauthorized goods, in interstate

4 commerce, constitutes a false designation of origin and unfair competition.

5      63.    Forgiato has no adequate remedy at law and, if Defendants' activities

6 are not enjoined, Forgiato will continue to suffer irreparable harm and injury to its

7 business, goodwill and reputation.

8      64.    As a result of Defendants' activities, Forgiato has been damaged in an

9 amount to be determined at trial, profits realized by Defendants on sales of the

10 counterfeit and unauthorized products, and the costs of this action.  Additionally,

11 Defendants' actions were undertaken willfully and with the intention of causing

12 confusion, mistake or deception, thus entitling Forgiato to recover treble damages

13 and reasonable attorneys' fees.

14 **FOURTH CLAIM FOR RELIEF**

15 **(For Trademark Dilution Against All Defendants)**

16 **(15 U.S.C. § 1125(c))**

17      65.    Forgiato repeats and realleges each and every allegation contained in

18 Paragraphs 1 through 64 hereinabove, as though fully set forth herein.

19      66.    The Forgiato Registered Trademarks are "famous marks" within the

20 meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1) and were

21 famous marks prior to Defendants' misconduct as alleged herein.

22      67.    Defendants' unlawful, unauthorized, and unlicensed manufacturing,

23 acquisition, purchasing, distribution, offering for sale and/or re-sale of counterfeit

24 and unauthorized goods bearing the Forgiato Registered Trademarks dilutes the

25 distinctive quality of the Forgiato Registered Trademarks and was done with the

26 willful intent to trade on Forgiato's reputation and/or cause dilution of the Forgiato

27 Registered Trademarks.

28      68.    Defendants' unauthorized use of the Forgiato Registered Trademarks

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1984578.2

17

1  on or in connection with the counterfeit and unauthorized goods Defendants

2  manufactured, advertised, sold or offered for sale bearing the Forgiato Registered

3  Trademarks was done with notice and full knowledge that such advertisement,

4  distribution, offer for sale and/or re-sale was not authorized or licensed by Forgiato.

5      69.    Defendants' acts, as alleged above, were and are in knowing and willful

6  contravention of Forgiato's rights under Section 43(c) of the Lanham Act, 15 U.S.C.

7  § 1125(c).

8      70.    Forgiato has no adequate remedy at law and, if Defendants' activities

9  are not enjoined, Forgiato will continue to suffer irreparable harm and injury to its

10  business, goodwill and reputation.

11      71.    As a result of Defendants' activities, Forgiato has been damaged in an

12  amount to be determined at trial, profits made by Defendants on sales of the

13  counterfeit and unauthorized products, and the costs of this action.  Additionally,

14  Defendants' actions were undertaken willfully and with the intention of causing

15  confusion, mistake or deception, thus entitling Forgiato to recover treble damages

16  and reasonable attorneys' fees.

17                    **FIFTH CLAIM FOR RELIEF**

18        **(For Common Law Trademark And Trade Name Infringement**

19                      **Against All Defendants)**

20      72.    Forgiato repeats and realleges each and every allegation contained in

21  Paragraphs 1 through 71 hereinabove, as though fully set forth herein.

22      73.    Forgiato has built up valuable goodwill in the Forgiato Registered

23  Trademarks and trade names.

24      74.    With full knowledge of the fame of the Forgiato Registered

25  Trademarks and trade names, Defendants have traded, and continue to trade, on the

26  goodwill associated with the Forgiato trademarks and trade names, and have misled

27  and continue to mislead the public into assuming a connection between the

28  counterfeit and unauthorized goods manufactured, advertised and sold by

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1984578.2

1   Defendants and Forgiato.

2       75.    Defendants' acts of trademark and trade name infringement have

3   caused and will continue to cause confusion, and have and will mislead and deceive

4   the public as to the source of the counterfeit and unauthorized products, thereby

5   allowing Defendants to pass of the counterfeit and unauthorized products as

6   Forgiato products. Unless restrained by this Court, Defendants' conduct as alleged

7   herein will continue in violation of the common law of the state of California to the

8   detriment of Forgiato and the unjust enrichment of Defendants.

9       76.    Defendants' acts of trademark and trade name infringement have

10  caused and will continue to cause Forgiato irreparable harm unless restrained by this

11  Court.  Forgiato therefore has no adequate remedy at law, and is entitled to

12  injunctive relief.

## SIXTH CLAIM FOR RELIEF

### (For California Trademark Dilution Against All Defendants)

### (California Business and Professions Code § 14335)

16      77.    Forgiato repeats and realleges each and every allegation contained in

17  Paragraphs 1 through 78 hereinabove, as though fully set forth herein.

18      78.    Defendants' acts have caused Forgiato damage by tarnishing Forgiato's

19  valuable reputation and diluting or blurring the distinctiveness of the famous

20  Forgiato Registered Trademarks in violation of California Business and Professions

21  Code § 14335, and will continue to tarnish and destroy the value of the Forgiato

22  Registered Trademarks unless enjoined by this Court.

23      79.    Defendants' acts of trademark and trade name infringement have

24  caused and will continue to cause Forgiato irreparable harm unless restrained by this

25  Court.  Forgiato therefore has no adequate remedy at law, and is entitled to

26  injunctive relief.

27  ///

28  ///

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## SEVENTH CLAIM FOR RELIEF

### (For California State Unfair Competition Against All Defendants)

### (California Business and Professions Code §§ 17200, *et seq.*)

80.   Forgiato repeats and realleges each and every allegation contained in Paragraphs 1 through 79 hereinabove, as though fully set forth herein.

81.   California Business and Professions Code sections 17200, *et seq.,* prohibit unfair competition, that is, any unlawful, unfair or fraudulent business act or practice.  Defendants have committed acts of unfair competition as defined under California law, and those acts are likely to cause injury to Forgiato's reputation and result in Defendants' unfairly competing with Forgiato in violation of the law.

82.   Defendants' actions, as alleged herein, constitute "unfair" practices under the Unfair Competition statute because: (1) the utility of those actions, if any, is outweighed by the gravity of the harm they have caused and will cause to Forgiato; (2) those actions are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers; and (3) those actions constitute incipient violations of state and federal law.

83.   Defendants' actions, as alleged herein, constitute "fraudulent" practices under the Unfair Competition statute because they are likely to mislead and confuse, and have mislead and confused, the consuming public.

84.   Defendants' actions, as alleged herein, constitute "unlawful" practices under the Unfair Competition statute because they constitute violations of the state and federal statutes, as alleged herein.  Defendants' violation of each of those statutes represents an independently actionable and unlawful business practice in violation of California Business and Professions Code sections 17200, *et seq.*

85.   The Unfair Competition statute provides that the Court may restore to any person in interest any money or property which may have been acquired by means of unfair competition.

86.   As a direct and proximate result of the Defendants' misconduct as

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  alleged herein, Forgiato has suffered a monetary loss in an amount to be proven at

2  trial, and Defendants have been unjustly enriched in an amount similarly to be

3  proven at trial. Accordingly, Forgiato is entitled to restitution and/or disgorgement

4  of profits realized by Defendants and by reason of Defendant' unlawful acts.

5       87.    Defendants' conduct has injured Forgiato and, unless enjoined, will

6  continue to cause great, immediate and irreparable injury. Forgiato therefore has no

7  adequate remedy at law.

8       88.    Forgiato is entitled to injunctive relief, equitable relief, and an order for

9  disgorgement of all of Defendants' ill-gotten gains pursuant to California Business

10  and Professions Code sections 17200, *et seq.*

## PRAYER FOR RELIEF

12  WHEREFORE, Forgiato prays for judgment, as follows:

## FIRST CLAIM FOR RELIEF

14       1.    That Defendants, their officers, agents, servants, employees, attorneys,

15  confederated, and all persons acting for, with, by, through or under them be

16  preliminarily enjoined and restrained, at first during the pendency of this action and,

17  thereafter, permanently:

18           a.    from using in any manner the Forgiato Registered Marks, alone

19  or in combination with any word or words which so resemble each said trademark as

20  to be likely to cause confusion, or to cause mistake or to deceive on or in connection

21  with the advertising, offering for sale or re-sale, sale or re-sale of any product not

22  Forgiato's or not authorized by Forgiato to be sold or re-sold in connection with

23  each of the Forgiato Registered Marks;

24           b.    from passing off, inducing, or enabling others to sell or pass off

25  any product as and for products produced by Forgiato, not Forgiato's, or not

26  produced under the control and supervision of Forgiato and approved by Forgiato

27  for sale or re-sale under the Forgiato Registered Marks;

28           c.    from committing any acts calculated to cause purchasers to

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   believe that Defendants' products are those sold under the control and supervision of

2   Forgiato, or sponsored or approved by, or connected with, or guaranteed by, or

3   produced under the control and supervision of Forgiato;

4           d.      from further diluting and infringing all the Forgiato Registered

5   Marks and damaging Forgiato's goodwill;

6           e.      from otherwise competing unfairly with Forgiato;

7           f.      from receiving, shipping, delivering distributing, returning or

8   otherwise disposing of, in any manner, products or inventory not manufactured by

9   or for Forgiato, or authorized by Forgiato to be sold or re-sold or offered for sale or

10  re-sale, and which bear the Forgiato Registered Marks.

11      2.      That Defendants be required upon service of this Complaint to

12  immediately deliver up to Forgiato any and all products, guarantees, circulars, price

13  lists, labels, customer lists, designs, prints, packages, wrappers, pouches,

14  receptacles, software, videos, photographs, depictions, screens, dyes, templates,

15  models, machinery, advertising matter, promotional and other materials or

16  documents in the possession of Defendants or under their control relating to

17  Forgiato and relating or bearing any of the Forgiato Registered Marks, or each of

18  them, alone or in combination with any other words, or used in connection with the

19  advertising, offering for sale or re-sale or sale or re-sale of products obtained or

20  purchased without Forgiato's authorization for the purposes of sale or re-sale.

21      3.      That Defendants be required upon service of this Complaint to

22  immediately supply Forgiato with a complete list of entities and/or individuals from

23  whom they purchased and to whom they distributed and/or sold or re-sold

24  Unauthorized Products or products not authorized by Forgiato to be sold or re-sold

25  in connection with each of the said Forgiato Registered Marks.

26      4.      That Defendants, within thirty (30) days after service of judgment with

27  notice of entry thereof upon it, be required to file with the Court and serve upon

28  Forgiato a written report under oath with penalty of perjury setting forth in detail the

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   manner in which Defendants have complied with paragraphs 1 through 3, above.

2     5. That Defendants account for and pay over to Forgiato profits realized

3   by Defendants by reasons of Defendants' unlawful acts herein alleged and, that the

4   amount of damages from infringement of the Forgiato Registered Marks be

5   increased by a sum not exceeding three times the amount thereof as provided by

6   law.

7     6. That Forgiato be awarded statutory damages in an amount to be

8   determined at trial for Defendants' willful counterfeiting of each of Forgiato's

9   Registered Marks.

10     7. That Forgiato be awarded punitive damages in an amount to be proven

11   at trial.

12     8. That Forgiato be awarded reasonable attorneys' fees and have such

13   other and further relief as the Court may deem equitable including, but not limited

14   to, any relief set forth in 15 U.S.C. § 1117 and 17 U.S.C. § 505.

15     9. For general compensatory, consequential and incidental damages,

16   according to proof at trial.

17     10. For such other relief this Court deems just.

18   ## **SECOND CLAIM FOR RELIEF**

19     11. That Defendants, their officers, agents, servants, employees, attorneys,

20   confederated, and all persons acting for, with, by, through or under them be

21   preliminarily enjoined and restrained, at first during the pendency of this action and,

22   thereafter, permanently:

23      a. from using in any manner the Forgiato Registered Marks, alone

24   or in combination with any word or words which so resemble each said trademark as

25   to be likely to cause confusion, or to cause mistake or to deceive on or in connection

26   with the advertising, offering for sale or re-sale, sale or re-sale of any product not

27   Forgiato's or not authorized by Forgiato to be sold or re-sold in connection with

28   each of the Forgiato Registered Marks;

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

b.      from passing off, inducing, or enabling others to sell or pass off any product as and for products produced by Forgiato, not Forgiato's, or not produced under the control and supervision of Forgiato and approved by Forgiato for sale or re-sale under the Forgiato Registered Marks;

c.      from committing any acts calculated to cause purchasers to believe that Defendants' products are those sold under the control and supervision of Forgiato, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Forgiato;

d.      from further diluting and infringing all the Forgiato Registered Marks and damaging Forgiato's goodwill;

e.      from otherwise competing unfairly with Forgiato;

f.      from receiving, shipping, delivering distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Forgiato, or authorized by Forgiato to be sold or re-sold or offered for sale or re-sale, and which bear the Forgiato Registered Marks.

12.    That Defendants be required upon service of this Complaint to immediately deliver up to Forgiato any and all products, guarantees, circulars, price lists, labels, customer lists, designs, prints, packages, wrappers, pouches, receptacles, software, videos, photographs, depictions, screens, dyes, templates, models, machinery, advertising matter, promotional and other materials or documents in the possession of Defendants or under their control relating to Forgiato and relating or bearing any of the Forgiato Registered Marks, or each of them, alone or in combination with any other words, or used in connection with the advertising, offering for sale or re-sale or sale or re-sale of products obtained or purchased without Forgiato's authorization for the purposes of sale or re-sale.

13.    That Defendants be required upon service of this Complaint to immediately supply Forgiato with a complete list of entities and/or individuals from whom they purchased and to whom they distributed and/or sold or re-sold

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  Unauthorized Products or products not authorized by Forgiato to be sold or re-sold
2  in connection with each of the said Forgiato Registered Marks.

3      14.   That Defendants, within thirty (30) days after service of judgment with
4  notice of entry thereof upon it, be required to file with the Court and serve upon
5  Forgiato a written report under oath with penalty of perjury setting forth in detail the
6  manner in which Defendants have complied with paragraphs 1 through 3, above.

7      15.   That Defendants account for and pay over to Forgiato profits realized
8  by Defendants by reasons of Defendants' unlawful acts herein alleged and, that the
9  amount of damages from infringement of the Forgiato Registered Marks be
10 increased by a sum not exceeding three times the amount thereof as provided by
11 law.

12     16.   That Forgiato be awarded statutory damages in an amount to be
13 determined at trial for Defendants' willful counterfeiting of each of Forgiato's
14 Registered Marks.

15     17.   That Forgiato be awarded punitive damages in an amount to be proven
16 at trial.

17     18.   That Forgiato be awarded reasonable attorneys' fees and have such
18 other and further relief as the Court may deem equitable including, but not limited
19 to, any relief set forth in 15 U.S.C. § 1117 and 17 U.S.C. § 505.

20     19.   For general compensatory, consequential and incidental damages,
21 according to proof at trial.

22                    **THIRD CLAIM FOR RELIEF**

23     20.   That Defendants, their officers, agents, servants, employees, attorneys,
24 confederated, and all persons acting for, with, by, through or under them be
25 preliminarily enjoined and restrained, at first during the pendency of this action and,
26 thereafter, permanently:

27          a.   from using in any manner the Forgiato Registered Marks, alone
28 or in combination with any word or words which so resemble each said trademark as

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   to be likely to cause confusion, or to cause mistake or to deceive on or in connection

2   with the advertising, offering for sale or re-sale, sale or re-sale of any product not

3   Forgiato's or not authorized by Forgiato to be sold or re-sold in connection with

4   each of the Forgiato Registered Marks;

5         b.    from passing off, inducing, or enabling others to sell or pass off

6   any product as and for products produced by Forgiato, not Forgiato's, or not

7   produced under the control and supervision of Forgiato and approved by Forgiato

8   for sale or re-sale under the Forgiato Registered Marks;

9         c.    from committing any acts calculated to cause purchasers to

10  believe that Defendants' products are those sold under the control and supervision of

11  Forgiato, or sponsored or approved by, or connected with, or guaranteed by, or

12  produced under the control and supervision of Forgiato;

13        d.    from further diluting and infringing all the Forgiato Registered

14  Marks and damaging Forgiato's goodwill;

15        e.    from otherwise competing unfairly with Forgiato;

16        f.    from receiving, shipping, delivering distributing, returning or

17  otherwise disposing of, in any manner, products or inventory not manufactured by

18  or for Forgiato, or authorized by Forgiato to be sold or re-sold or offered for sale or

19  re-sale, and which bear the Forgiato Registered Marks.

20      21.   That Defendants be required upon service of this Complaint to

21  immediately deliver up to Forgiato any and all products, guarantees, circulars, price

22  lists, labels, customer lists, designs, prints, packages, wrappers, pouches,

23  receptacles, software, videos, photographs, depictions, screens, dyes, templates,

24  models, machinery, advertising matter, promotional and other materials or

25  documents in the possession of Defendants or under their control relating to

26  Forgiato and relating or bearing any of the Forgiato Registered Marks, or each of

27  them, alone or in combination with any other words, or used in connection with the

28  advertising, offering for sale or re-sale or sale or re-sale of products obtained or

1  purchased without Forgiato's authorization for the purposes of sale or re-sale.

2     22.    That Defendants be required upon service of this Complaint to

3  immediately supply Forgiato with a complete list of entities and/or individuals from

4  whom they purchased and to whom they distributed and/or sold or re-sold

5  Unauthorized Products or products not authorized by Forgiato to be sold or re-sold

6  in connection with each of the said Forgiato Registered Marks.

7     23.    That Defendants, within thirty (30) days after service of judgment with

8  notice of entry thereof upon it, be required to file with the Court and serve upon

9  Forgiato a written report under oath with penalty of perjury setting forth in detail the

10  manner in which Defendants have complied with paragraphs 1 through 3, above.

11     24.    That Defendants account for and pay over to Forgiato profits realized

12  by Defendants by reasons of Defendants' unlawful acts herein alleged and, that the

13  amount of damages from infringement of the Forgiato Registered Marks be

14  increased by a sum not exceeding three times the amount thereof as provided by

15  law.

16     25.    That Forgiato be awarded statutory damages in an amount to be

17  determined at trial for Defendants' willful counterfeiting of each of Forgiato's

18  Registered Marks.

19     26.    That Forgiato be awarded punitive damages in an amount to be proven

20  at trial.

21     27.    That Forgiato be awarded reasonable attorneys' fees and have such

22  other and further relief as the Court may deem equitable including, but not limited

23  to, any relief set forth in 15 U.S.C. § 1117 and 17 U.S.C. § 505.

24     28.    For general compensatory, consequential and incidental damages,

25  according to proof at trial.

26     29.    For such other relief this Court deems just.

27               **FOURTH CLAIM FOR RELIEF**

28     30.    That Defendants, their officers, agents, servants, employees, attorneys,

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   confederated, and all persons acting for, with, by, through or under them be

2   preliminarily enjoined and restrained, at first during the pendency of this action and,

3   thereafter, permanently:

4           a.      from using in any manner the Forgiato Registered Marks, alone

5   or in combination with any word or words which so resemble each said trademark as

6   to be likely to cause confusion, or to cause mistake or to deceive on or in connection

7   with the advertising, offering for sale or re-sale, sale or re-sale of any product not

8   Forgiato's or not authorized by Forgiato to be sold or re-sold in connection with

9   each of the Forgiato Registered Marks;

10          b.      from passing off, inducing, or enabling others to sell or pass off

11  any product as and for products produced by Forgiato, not Forgiato's, or not

12  produced under the control and supervision of Forgiato and approved by Forgiato

13  for sale or re-sale under the Forgiato Registered Marks;

14          c.      from committing any acts calculated to cause purchasers to

15  believe that Defendants' products are those sold under the control and supervision of

16  Forgiato, or sponsored or approved by, or connected with, or guaranteed by, or

17  produced under the control and supervision of Forgiato;

18          d.      from further diluting and infringing all the Forgiato Registered

19  Marks and damaging Forgiato's goodwill;

20          e.      from otherwise competing unfairly with Forgiato;

21          f.      from receiving, shipping, delivering distributing, returning or

22  otherwise disposing of, in any manner, products or inventory not manufactured by

23  or for Forgiato, or authorized by Forgiato to be sold or re-sold or offered for sale or

24  re-sale, and which bear the Forgiato Registered Marks.

25      31.     That Defendants be required upon service of this Complaint to

26  immediately deliver up to Forgiato any and all products, guarantees, circulars, price

27  lists, labels, customer lists, designs, prints, packages, wrappers, pouches,

28  receptacles, software, videos, photographs, depictions, screens, dyes, templates,

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  models, machinery, advertising matter, promotional and other materials or

2  documents in the possession of Defendants or under their control relating to

3  Forgiato and relating or bearing any of the Forgiato Registered Marks, or each of

4  them, alone or in combination with any other words, or used in connection with the

5  advertising, offering for sale or re-sale or sale or re-sale of products obtained or

6  purchased without Forgiato's authorization for the purposes of sale or re-sale.

7       32.    That Defendants be required upon service of this Complaint to

8  immediately supply Forgiato with a complete list of entities and/or individuals from

9  whom they purchased and to whom they distributed and/or sold or re-sold

10  Unauthorized Products or products not authorized by Forgiato to be sold or re-sold

11  in connection with each of the said Forgiato Registered Marks.

12       33.    That Defendants, within thirty (30) days after service of judgment with

13  notice of entry thereof upon it, be required to file with the Court and serve upon

14  Forgiato a written report under oath with penalty of perjury setting forth in detail the

15  manner in which Defendants have complied with paragraphs 1 through 3, above.

16       34.    That Defendants account for and pay over to Forgiato profits realized

17  by Defendants by reasons of Defendants' unlawful acts herein alleged and, that the

18  amount of damages from infringement of the Forgiato Registered Marks be

19  increased by a sum not exceeding three times the amount thereof as provided by

20  law.

21       35.    That Forgiato be awarded statutory damages in an amount to be

22  determined at trial for Defendants' willful counterfeiting of each of Forgiato's

23  Registered Marks.

24       36.    That Forgiato be awarded punitive damages in an amount to be proven

25  at trial.

26       37.    That Forgiato be awarded reasonable attorneys' fees and have such

27  other and further relief as the Court may deem equitable including, but not limited

28  to, any relief set forth in 15 U.S.C. § 1117 and 17 U.S.C. § 505.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

38.   For general compensatory, consequential and incidental damages, according to proof at trial.

39.   For such other relief this Court deems just.

## FIFTH CLAIM FOR RELIEF

40.   For injunctive relief, as sought in claims one through four.

41.   For all other injunctive and other non-monetary relief sought in claims one through four.

42.   For punitive damages.

43.   For general, compensatory, consequential and incidental damages in an amount according to proof, but not less than $550,000.

44.   For attorneys' fees and costs of suit.

45.   For such other relief this Court deems just.

## SIXTH CAUSE OF ACTION

46.   For injunctive relief, as sought in claims one through five.

47.   For all other injunctive and other non-monetary relief sought in claims one through five.

48.   For punitive damages.

49.   For general, compensatory, consequential and incidental damages in an amount according to proof, but not less than $550,000.

50.   For attorneys' fees and costs of suit.

51.   For such other relief this Court deems just.

## SEVENTH CAUSE OF ACTION

52.   For injunctive relief, as sought in claims one through six.

53.   For all other injunctive and other non-monetary relief sought in claims one through six.

54.   For punitive damages.

55.   For general, compensatory, consequential and incidental damages in an amount according to proof, but not less than $550,000.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

56.   For attorneys' fees and costs of suit.

**AS TO ALL CAUSES OF ACTION**

1.   For prejudgment and post-judgment interest as allowed by law

2.   For attorneys' fees and costs as allowed by law;

3.   For costs of suit incurred; and

4.   For such other and further relief as the Court deems just and appropriate under the circumstances.

Dated: July 12, 2013                    FREEMAN, FREEMAN & SMILEY, LLP

By: _____
ARMEN G. MITILIAN
TODD M. LANDER
Attorneys for Plaintiff FORGIATO, INC.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1984578.2

COMPLAINT OF FORGIATO, INC.

# Exhibit 1



EX 1 PG 32



Ex 1 PG 33



Ex 1 PG 34



Ex 1 PG 35

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana R. Pfaelzer and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

### CV13- 5012 MRP (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Armen G. Mitilian (SBN 203191)
FREEMAN FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200
E-mail: armen.mitilian@ffslaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORGIATO, INC.,<br><br>PLAINTIFF(S)<br><br>v.<br><br>ELITE WHEEL WAREHOUSE MIAMI, INC., a Florida corporation; DYNASTY CUSTOMS, a Florida entity of unknown form; WTW CAR ACCESSORIES MIAMI, a Florida entity of unknown form; WTW CAR ACCESSORIES #2 FORT LAUDERDALE, a Florida entity of unknown form; AMANI FORGED, INC., a Florida corporation; ELITE WHEEL DISTRIBUTORS, INC., a Florida corporation; MILANI VENTURES, LLC, a Florida limited liability company; HAMED "ED" MILANI, an individual; KAMRAN MILANI, an individual; HOOMAN MILANI, an individual; PJ MILANI, an individual; DANIEL TALLON, an individual; RENNEN INTERNATIONAL, a California entity of unknown form; JOSE GUTIERREZ an individual; BRIAN'S AUTO ACCESSORIES, INC., a California corporation; L & B FORGED, a California entity of unknown form; BRIAN DOUGLAS DE LA VARA, an individual; CARMEN MARIA DE LA VARA, an individual; CARRERA DE LA VARA, an individual; KENNETH DE LA VARA, an individual; RICK VANCOMO, an individual, and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13- 5012 NRP(PLA)<br><br>**SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you

---

CV-01A (10/11)                                    SUMMONS                                    American LegalNet, Inc.
www.FormsWorkFlow.com

must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ . amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Armen G. Mitilian</u>, whose address is <u>1888 Century Park East, Suite 1900, Los Angeles, California 90067</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUL 1 2 2013

Dated: _____

Clerk, U.S. District Court

**JULIE PRADO**

By: _____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
FORGIATO, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Armen G. Mitilian (SBN 203191)
FREEMAN FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1900
Los Angeles, California 90067
(310) 255-6100; E-mail: armen.mitilian@ffslaw.com

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
ELITE WHEEL WAREHOUSE MIAMI, INC., a Florida corporation; DYNASTY CUSTOMS, a Florida entity of unknown form; WTW CAR ACCESSORIES MIAMI, a Florida entity of unknown form; WTW CAR ACCESSORIES #2 FORT LAUDERDALE, a Florida entity of unknown form; AMANI FORGED, INC., a Florida corporation; ELITE WHEEL DISTRIBUTORS, INC., a Florida corporation; MILANI VENTURES, LLC, a Florida limited liability company; HAMED "ED" MILANI, an individual; KAMRAN MILANI, an individual; HOOMAN MILANI, an individual; PJ MILANI, an individual; DANIEL TALLON, an individual; RENNEN INTERNATIONAL, a California entity of unknown form; JOSE GUTIERREZ an individual; BRIAN'S AUTO ACCESSORIES, INC., a California corporation; L & B FORGED, a California entity of unknown form; BRIAN DOUGLAS DE LA VARA, an individual; CARMEN MARIA DE LA VARA, an individual; CARRERA DE LA VARA, an individual; KENNETH DE LA VARA, an individual; RICK VANCOMO, an individual, and DOES 1 through 10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark infringement, and related claims

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|

CV13- 5012

| | | | | | |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☒ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:  Case Number: _____

### AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?    ☒ NO    ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?    ☒ NO    ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Dade County, Florida<br>Broward County, Florida |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):**  _Armen G. Millian_    DATE: July 12, 2013

Armen G. Millian

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com