# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORGIATO, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ELITE WHEEL WAREHOUSE MIAMI, INC., a Florida corporation; DYNASTY CUSTOMS, a Florida entity of unknown form; WTW CAR ACCESSORIES MIAMI, a Florida entity of unknown form; WTW CAR ACCESSORIES #2 FORT LAUDERDALE, a Florida entity of unknown form; AMANI FORGED, INC., a Florida corporation; ELITE WHEEL DISTRIBUTORS, INC., a Florida corporation; MILANI VENTURES, LLC, a Florida limited liability company; HAMED "ED" MILANI, an individual; KAMRAN MILANI, an individual; HOOMAN MILANI, an individual; PJ MILANI, an individual; DANIEL TALLON, an individual; et. al., <br><br> Defendants. | Case No. CV 13-05012 JAK (PLAx) <br><br> **PERMANENT INJUNCTION AND JUDGMENT IN FAVOR OF PLAINTIFF FORGIATO, INC.** <br><br> JS-6 |

Defendant BRIAN'S AUTO ACCESSORIES, INC. ("Brian's Auto"), Defendant L&B FORGED ("L&B"), and Defendant BRIAN DOUGLAS DE LA VARA ("De La Vara") (sometimes collectively referred to as De La Vara

Defendants") failed to appear in this action and default was entered against the De La Vara Defendants on August 12, 2013;

Defendant RENNEN INTERNATIONAL ("Rennen") failed to appear in this action and default was entered against Rennen on December 4, 2013;

On March 14, 2014, the Court issued its Order Re Plaintiff's Motion for Default Judgment [Dkt. 60] granting Plaintiff FORGIATO, INC.'s ("Forgiato") Motion for Entry of Default Judgment [Dkt. 50] as to the De La Vara Defendants and Rennen (the "De La Vara and Rennen Order");

On November 21, 2013, Forgiato filed a Stipulation for Entry of Injunction and for Entry of Judgment [Dkt. 42-1] against Defendants ELITE WHEEL WAREHOUSE MIAMI, INC. ("Elite Miami"), DYNASTY CUSTOMS ("Dynasty"), AMANI FORGED, INC. ("Amani"), ELITE WHEEL DISTRIBUTORS, INC. ("Elite Distributors"), MILANI VENTURES, LLC ("Milani Ventures"), HAMED "ED" MILANI ("Ed Milani"), KAMRAN MILANI ("Kamran Milani"), HOOMAN MILANI ("Hooman Milani"), and PJ MILANI ("PJ Milani");

On November 25, 2013, the Court issued its Order on Stipulation for Entry of Injunction and For Entry of Partial Judgment [Dkt. 44] against Elite Miami, Dynasty, Amani, Elite Distributors, Milani Ventures, Ed Milani, Kamran Milani, Hooman Milani and PJ Milani (the "Milani Order");

Following the entry of the De La Vara and Rennen Order and the Milani Order, **IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that Judgment is hereby entered in favor of Forgiato, as follows:

### As to Brian's Auto, L&B, De La Vara and Rennen

1. Forgiato shall have and recover $164,700 from Brian's Auto, L&B, and De La Vara, jointly and severally;

2. Forgiato shall have and recover $105,300 from Rennen;

3. Forgiato shall have and recover $26,773 in attorneys' fees and $1,920.85 in costs from Brian's Auto, L&B, De La Vara, and Rennen, jointly and severally;

4. Brian's Auto, L&B, De La Vara, and Rennen, and their respective officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them (the "Representatives") are hereby permanently enjoined and retrained as follows:

    a. Brian's Auto, L&B, De La Vara, and Rennen and their Representatives shall not use in any manner federally registered trademarks owned by Forgiato, "Forgiato" (U.S. Registration No. 85546593), ꜰ (U.S. Registration No. 85516642), and "Forgi"(U.S. Registration No. 85503524) (collectively, the "Forgiato Registered Trademarks"), in connection with the sale or advertising of products not authorized by Forgiato. Brian's Auto, L&B, De La Vara, and Rennen shall not pass off any product not produced and approved by Forgiato as one that was produced by Forgiato. Brian's Auto, L&B, De La Vara, and Rennen shall not receive, ship, deliver, distribute, return or otherwise dispose of products or inventory which bears the Forgiato Registered Marks if they were not manufactured by or for Forgiato;

    b. Brian's Auto, L&B, De La Vara, and Rennen and their Representatives shall deliver to Forgiato any and all products or documents in their possession or control relating to Forgiato or bearing any of the Forgiato Registered Trademarks;

    c. Brian's Auto, L&B, De La Vara, and Rennen and their Representatives shall, upon service of this Injunction and Judgment, immediately supply Forgiato with a complete list of

entities and/or individuals from whom they purchased and to whom they distributed and/or sold or re-sold products not authorized by Forgiato to be sold or re-sold in connection with each of the Forgiato Registered Marks; and

    d. Brian's Auto, L&B, De La Vara, and Rennen and their Representatives shall, within 30 days after service of this Injunction and Judgment, file with the Court and serve on Forgiato a written report under oath setting forth in detail the manner in which they have complied with this injunction.

## As to Elite Miami, Dynasty, Amani, Elite Distributors, Milani Ventures, Ed Milani, Kamran Milani, Hooman Milani and PJ Milani (the "Milani Defendants")

5. Pursuant to the Milani Order and Exhibit "A" referenced in Paragraph 6 therein the Milani Defendants, their agents, servants, employees, representatives, confederates, affiliates and any other persons or entities acting in concert or participation with them, are permanently enjoined and restrained from:

    a. selling any Forgiato products, in any manner;

    b. from using in any manner the Forgiato Registered Trademarks, alone or in combination with any word or words which so resemble each said trademark as to be likely to cause confusion, or to cause mistake or to deceive on or in connection with the advertising, offering for sale or re-sale, sale or re-sale of any product not Forgiato's or not authorized by Forgiato to be sold or re-sold in connection with each of the Forgiato Registered Trademarks;

    c. passing off, inducing, or enabling others to sell or pass off any

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

product as and for products produced by Forgiato, not Forgiato's, or not produced under the control and supervision of Forgiato and approved by Forgiato for sale or re-sale under the Forgiato Registered Trademarks;

    d. committing any acts calculated to cause purchasers to believe that the Milani Defendants' products are those sold under the control and supervision of Forgiato, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Forgiato;

    e. Diluting and infringing the Forgiato Registered Trademarks and/or taking any action to damage Forgiato's goodwill;

    f. except as provided in Paragraph 6 below, receiving, shipping, delivering distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Forgiato, or authorized by Forgiato to be sold or re-sold or offered for sale or re-sale, and which bear the Forgiato Registered Trademarks;

    g. selling, re-selling, consigning or accepting for consignment, donating or otherwise engaging in any form of business using, incorporating or relating to the Forgiato Registered Trademarks, Forgiato trade name or business; and

    h. taking any action constituting unfair competition against Forgiato.

6. The Milani Defendants, and each of them, will within five (5) business days of the service of this Injunction and Judgment ship to Forgiato (with all costs, fees and/or expenses to be incurred solely by the Milani Defendants): (a) any and all remaining inventory and/or other items in their possession, custody or control bearing the Forgiato Registered Trademarks, or which incorporate any iteration or

variation of the Forgiato Registered Trademarks that did not originate from Forgiato (the Milani Defendants will provide a list of all Forgiato goods acquired from any source other than the non-Milani Defendants as set forth herein); (b) any and all documents, including emails, letters, invoices, sales orders, purchase orders, and shipping documents, related to "Forgiato" wheels and wheel products ordered by the Milani Defendants from any of the non-Milani Defendants; (c) any and all correspondence with Nick Abouna, Hot Wheel City, Inc., and/or any of his or its representatives, agents or officers; (d) and a statement under oath with penalty of perjury confirming that the Milani Defendants have complied accordingly;

7. The Milani Defendants, and each of them, will within five (5) business days of the service of this Injunction and Judgment deliver to Forgiato's counsel a complete list of all of the Milani Defendants' customers and consumers of any type to whom the Milani Defendants, or any of them, sold any "Forgiato" wheels and/or wheels products acquired from any source other than Forgiato itself, including, but not limited to products bearing the Forgiato Registered Trademarks (the "Customer List"), which Customer List shall remain confidential, shall not be used by Forgiato or disclosed to any party nor filed other than as necessary in connection with this action and/or to enforce the Stipulation [Dkt. 42-1] and/or this Injunction and Judgment;

8. The Milani Defendants, and each of them, will within five (5) business days of the service of this Injunction and Judgment commence and continue to maintain a recall of all "Forgiato" wheels and/or wheel products acquired from any source other than Forgiato, including the non-Milani Defendants that were sold to consumers, by notice to such consumers that it has come to the attention of the Milani Defendants that the "Forgiato" wheels sold to them were not authentic and that they should return such wheels to Elite Distributors for a full refund and Elite Distributors will pay for all shipping. The Milani Defendants will notify Forgiato of all efforts made to recall such products, the receipt of such products by the Milani

Defendants (and will send such products directly to Forgiato's facility in Sun Valley at the sole expense of the Milani Defendants), and whether any such products remain outstanding;

9. If Forgiato discovers any other entities or persons not identified on the Customer List who purchased counterfeit or fake Forgiato wheels and/or wheel products from the Milani Defendants, which the Milani Defendants acquired from any source other than Forgiato, including, but not limited to products bearing the Forgiato Registered Trademarks, the Milani Defendants, shall pay to Forgiato $2,500 for each such undisclosed counterfeit or fake product (e.g., if Forgiato discovers that any of the Milani Defendants sold four (4) fake Forgiato wheels to any person or entity not identified on the Customer List, the Milani Defendants shall pay Forgiato $10,000 ($2,500 for each fake Forgiato product));

10. The Milani Defendants shall pay to Forgiato $45,000 within seven (7) days of the Milani Defendants being given a copy of the Stipulation bearing the signature of Forgiato's authorized representative;

11. The Milani Defendants will, within thirty (30) days of the entry of this Injunction and Judgment, deliver to Forgiato's attorneys a written report under oath with penalty of perjury setting forth in detail the manner in which the Milani Defendants have complied with the terms of this Injunction and Judgment;

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction to the extent necessary to enforce this Injunction and Judgment, and to determine any issues that may arise hereunder.

Dated: March 31, 2014

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE